[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This proceeding comes before this court on a post dissolution motion for contempt for support of the then minor son who has now attained his majority. The judgment of dissolution was entered on November 5, 1985, under the terms of which the plaintiff was ordered to pay child support to the defendant. On November 7, 1989, the court modified the amount of child support that the plaintiff was to pay to one hundred fifty ($150) dollars per week (six hundred fifty dollars ($650) per month). The plaintiff has retired and has been receiving social security benefits since February of 1994. The defendant, as the representative of the minor child, received the child's insurance payment[1] until he attained his majority. That payment was in the amount of five hundred fifteen ($515) dollars per month.
The plaintiff, upon the receipt of his benefits, subsequently stopped paying all child support for the remaining eleven (11) months and twenty-seven (27) days of the child's minority over the defendant's objection. He thereafter moved out of Connecticut and, although the defendant attempted to serve him with a motion for contempt for nonpayment of child support, she said she was never able to effectuate service until this proceeding. It is his position that the payments to the child during his minority constitutes support. He argues that prior child support was paid from earnings and, upon retirement, social security benefits replaced the support for the minor, which was being received after his retirement. He cites Rodriguez v. Secretary of Health,Education and Welfare, 644 F.2d 918, 921 (1st Cir. 1981), for CT Page 7127 that proposition.
The defendant answers this argument by reciting that the plaintiff is asking the court to consider this payment made by the Social Security Administration on behalf of the child to be fulfillment of his obligation to pay child support without seeking relief from the court for this request. No motion for modification of child support was ever filed, argued or heard. The linchpin of that argument is that no such relief can be granted without the appropriate motion to modify in order to avail oneself of the statutory remedies. She contends that the payments to the child were the property of the child. The plaintiff traces the nexus between the prior payment of child support from earnings and the child's social security insurance benefits, and states that it is for those who would not have received support from the insured wage earner but for his or her retirement or disability. He cites to Rodriguez v. Secretary ofHealth, Education and Welfare, supra; Clayborne v. Califano,503 F.2d 372, 377 (2d Cir. 1979), for this premise.
He also cites to Hayes v. Mayberry, Superior Court, judicial district of Fairfield, Docket No. 029816 (November 16, 1992) (Bassick, J.), for the proposition that the father receiving social security benefits for the child was not subject to the child support guidelines and a deviation is required for the best interests of the child. It further stated that for as long as the father continued to receive social security benefits for the child, he should pay that amount to the mother by way of support and take steps to have said sum paid directly to the mother. Bear in mind that the cited case was a modification as opposed to a unilateral determination as we have in this case. Social security benefits for a dependent child are used to replace lost support when a worker becomes retired provided there have been previous payments to a dependent child by a wage earner. Stanton v.Weinberger, 505 F.2d 315 (10th Cir. 1974).
The social security benefits paid to the defendant on behalf of the child were to replace the support that the plaintiff had been paying from his earnings prior to his retirement. There is no doubt there is a history of payment by the plaintiff to the defendant for the minor child which qualified him as a dependent child and, therefore, entitled to social security insurance benefits. It goes without saying that the plaintiff claims that those social security benefits paid to the defendant for the minor child should be credited against the child support CT Page 7128 obligation which existed during the time period in question. It is his position that he is entitled to such credit as has been raised and upheld by our lower courts. See Bruey v. Bruey,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307482 (November 13, 1995) (Petroni, J.), wherein the court found the father's child support obligation was ninety-three ($93) dollars per week under the guidelines. It allowed him a thirty-three ($33) dollars a week credit from the social security benefits the child had been receiving, leaving him with a total obligation of sixty ($60) dollars per week. Again, this principle arises from a judicial determination.
While the child was receiving benefits of five hundred fifteen ($515) dollars per month from November, 1993 through June of 1995, and the obligation was six hundred fifty ($650) dollars per month. There is an obvious shortfall of one hundred thirty-five ($135) dollars per month. He contends that the most he could owe the defendant for Karl's child support is the difference between the amount of child support and the social security benefits that the defendant received for the child. Since the defendant received BOTH (emphasis supplied) social security benefits and child support itself for November and December, 1993, and January, 1994, she did in fact receive an additional fifteen hundred ninety-three ($1593) dollars for that time period. After the child attained his majority in January of 1995, he continued to reside with his mother and he received an extra two thousand six hundred fifty-five ($2655) dollars in social security over and above the plaintiff's obligation to pay them. These sums should be credited against the plaintiff's support obligation. Therefore, it is his hypothesis that no balance is due and payable and, therefore, no contempt lies.
The court finds these arguments persuasive and further finds that the defendant has received more child support for the benefit of the minor child during his minority than was in fact due under the support order. Despite the fact that the plaintiff did not obtain a modification of any of the orders that were issued in the judgment as subsequently modified, the court with clear conscious and simple logic cannot and will not find either a contempt against the plaintiff nor an arrearage. The motion for contempt is, accordingly, denied.
Moraghan, J.